O’NealIi, J.
I think the view taken of this subject, by the defendant’s counsel, is unanswerable. It is not necessary that I should repeat arguments which he has stated clearly and with great force.
*1 have no doubt where, as in this case, the testatrix sets apart r^ggq property and directs pecuniary legacies to be paid out of its pro- L eeeds, that they are entitled to have it so applied. If the other parts of the estate, whether specifically devised or not, be sufficient to pay the debts, the pecuniary legacies directed to be paid out of a particular fund could not be called on to contribute for their payment; for the testatrix has indicated a clear intention that that fund should be applied to a specific purpose. A. contribution by the legatees entitled to receive it, would throw upon the legatee directed to make up any deficiency which might be between it and the amount of the legacies, an undue proportion of the debts. Indeed, if that fund was made first applicable to the debts, and only the balance left was to go to the extinguishment of the pecuniary legacies, the result, in making up the deficiency to them, according to the words of the will, would be to charge the defendant’s ward with- the whole debts of the estate Such a result was never contemplated by the testatrix. Eor, after directing the proceeds of Will and the other property to be applied to pay the pecuniary legacies, she says, “the remaining sum of the legacies to be paid by Eliza Harper.” These words are plain and unambiguous, and their meaning is just as plain as if the testatrix had known how much her personal estate directed to be sold, would produce, and had said, inasmuch as the legacies I have directed to be paid out of this fund will exceed it $166, I direct that sum to be paid by Eliza Harper. This direction, that Eliza Harper should pay the difference between the proceeds of the sale and the amount of the legacies, not only shows that this was all the burthen she intended to cast on the defendant’s ward on their account, but also that those legacies should be paid in full. The consequence of this is, to have the debts to be paid out of the property specifically devised.
It is ordered and decreed that the Chancellor’s decree be reformed in the following particulars: — 1. That the defendant, as guardian of M. E. Harper, do pay to the plaintiffs, for the difference between the proceeds of the sale of the negro and the other property, and the pecuniary legacies, one hundred and sixty-six dollars with interest from one year after the testatrix’s death : 2. That he do contribute and pay toward the debts of the deceased *such sum as may be ascertained by stating a pro- r*ggg portion — as the whole value of the property bequeathed to M. E. L Harper, (after deducting therefrom the said sum of $166,) of the negro, Anthony, bequeathed to William White, and of the Indian land bequeathed to John Gr. White, is to the whole amount of the debts of the deceased, so is the value of the property bequeathed to M. E Harper, (after deducting $166 as aforesaid,) to the amount to be paid by her on *258 account of the debts of the testatrix. And it is referred to the Commissioner to ascertain and report the amount of the contributions. In all other respects the decree is affirmed.
Johnson, J., and Harper, J., concurred.